**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

COMMUNITY BANK & TRUST –WEST GEORGIA,

      Plaintiff,

      vs.                               Civ. No. 26-136 SCY/JMR

STEPHEN M. JEFFERIES,

      Defendants.

## <u>ORDER TO FILE RULE 7.1 NOTICE</u>

This matter comes before the Court sua sponte, following its review of the Complaint. Doc. 1. Plaintiff filed this action in federal court citing diversity jurisdiction. *Id.* ¶ 3. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

The complaint alleges that "Defendant Stephen M. Jefferies resides in St. Lawrence County, New York." Compl. ¶ 2. Residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See*

*Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (noting complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

The Court notes that Rule 7.1 requires a party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."). In keeping with this intent, the Court orders Defendant to file a Rule 7.1 notice within 14 days of the date of this Order. This notice must state Defendant's citizenship or domicile, rather than residency, as of the date of the filing of the complaint.

**IT IS HEREBY ORDERED** that Defendant shall file a citizenship disclosure statement that fully complies with Rule 7.1(a)(2) no later than 14 days of the date of this Order.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

2